USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
In re Application of BNP Paribas Jersey Trust                 :    18-mc-00047 (PAC)
Corporation Ltd for an Order Pursuant to                      :
28 U.S.C. § 1782 to Conduct Discovery for                     :    **OPINION & ORDER**
Use in Foreign Proceedings                                    :
                                                              :
                                                              :
                                                              :
------------------------------------------------------------- X

    HONORABLE PAUL A. CROTTY, United States District Judge:

    BNP Jersey Trust Corporation Ltd. ("BNP") submitted an *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application") seeking discovery from Gurr Johns, Inc. ("Gurr Johns"), an art appraisal company with a principal place of business in the Southern District of New York. The Application seeks information related to a valuable art collection ("Crociani Art Collection") held by Edoarda Crociani ("Edoarda") for use in connection with BNP's claims against Edoarda in an action in the Royal Court of Jersey ("Royal Court"), File No. 2013/2004 ("Jersey Action").

    BNP and Edoarda served as co-trustees for a trust established for the benefit of Edoarda's daughter, Cristiana Crociani ("Cristiana"), who filed an action against Edoarda for wrongfully diverting millions of dollars from the trust and against BNP for breach of trust. BNP brought a third-party claim against Edoarda pursuant to a contractual indemnity clause which obligated Edoarda to indemnify BNP for any liability incurred by BNP in connection with the management and administration of the trust. The Royal Court entered a worldwide asset freeze and disclosure order ("Freezing and Disclosure Order") against Edoarda in August 2016, restricting the transfer and disposal of Edoarda's assets and requiring her to disclose information about her assets, including the Crociani Art Collection. To date, Edoarda has failed to comply with the order.

On September 11, 2017, the Royal Court entered judgment in favor of Cristiana on her claims against Edoarda and BNP. The Royal Court ruled that Edoarda and BNP are jointly and severally liable either to reconstitute the trust or to provide equitable compensation to Cristiana for the current value of the trust assets. The total sum that must be paid is subject to further proceedings, which include an inquiry into the value of eight works of art from the Crociani Art Collection that were previously assets of the trust. The Royal Court also ruled in favor of BNP on its third-party claim against Edoarda, holding that Edoarda is obligated to indemnify BNP for the full amount of its liability to Cristiana. In addition, the Royal Court continued and made permanent the Freezing and Disclosure Order against Edoarda.

On October 5, 2017, BNP filed an *ex parte* application under 28 U.S.C. § 1782 in the United States District Court for the District of Columbia. That application sought information from Huntington T. Block Insurance Agency, Inc. ("Huntington") related to the Crociani Art Collection and any other assets held by Edoarda that were insured by Huntington. The court granted the application. Pultman Decl. Ex. 2. The documents produced by Huntington revealed that Edoarda cancelled the insurance policies covering the Crociani Art Collection. The documents also suggested that Edoarda sold the artwork, in direct violation of the Freezing and Disclosure Order. Due to Edoarda's cancellation of the insurance policies, Huntington was unable to provide information regarding the artwork beyond the coverage change endorsements issued on November 25, 2016.

Meanwhile, BNP retained Gurr Johns in connection with the ongoing valuation proceedings in the Royal Court with respect to the eight works from the Crociani Art Collection that previously were assets of the trust. On January 31, 2018, counsel for Gurr Johns informed counsel for BNP that, in the course of conducting a conflicts check, Gurr Johns discovered that it

may have information concerning the Crociani Art Collection. Pultman Decl. ¶ 3. Counsel for Gurr Johns further represented that Gurr Johns would not provide information relating to the artwork in the absence of a subpoena or court order, but Gurr Johns would fully comply with a subpoena or court order for disclosure of such information. *Id.* ¶ 4. BNP subsequently filed this Application seeking the information from Gurr Johns. Given that BNP obtained information regarding the art as of November 25, 2016 from Huntington, the Application is limited to seeking documents from Gurr Johns after this date.

BNP argues that this information is needed to assist it in a number of ways. First, if BNP were able to find and recover the eight works of art that previously were assets of the trust, it would significantly reduce BNP's further liability in the ongoing proceedings in the Royal Court because it would likely no longer be required to pay compensation with respect to those works of art. Second, the information from Gurr Johns would assist BNP in determining whether Edoarda has in fact violated the Jersey Freezing Order. Third, the information would help BNP in pursuing its claims against Edoarda in related proceedings it has brought in various foreign jurisdictions. O'Neil Decl. ¶ 4–6.

Pursuant to 28 U.S.C. § 1782(a), district courts are authorized to order discovery in the United States for use in foreign proceedings under certain circumstances. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). As an initial matter, "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2002). Upon the granting of the Application, Gurr Johns will have ample opportunity to object and be heard.

Next, an application made pursuant to § 1782 must satisfy three requirements:

> (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

*Brandi-Dohrn*, 673 F.3d at 80. These requirements are satisfied here.

First, Gurr Johns "resides" or "is found" in this district because it has a principal place of business in New York, New York. As such, the first statutory requirement is satisfied. *See In re Application of Gorsoan Ltd. & Gazprombank OJSC*, No. 13 Misc. 397, 2014 WL 7232262, at *5 (S.D.N.Y. Dec. 10, 2014) (finding this requirement satisfied where "Movants Bullock, Smith, and Remmel were all served in this District, and Defendant RIGroup LLC has its principal place of business in New York, New York").

Second, the discovery sought is "for use in a foreign proceeding before a foreign tribunal" because the information sought is relevant to multiple foreign proceedings. The discovery bears directly on the ongoing valuation proceedings in the Royal Court as well as on the Freezing and Disclosure Order. *See In re Application of Gorsoan*, 2014 WL 7232262, at *1, *5 (finding this requirement satisfied where purpose of the application was to obtain discovery regarding assets that were subject to a foreign court's freezing and disclosure order). The information may show whether additional measures should be taken to restrain Edoarda's assets or whether Edoarda should be held in contempt of the Freezing and Disclosure Order. The information also may aid BNP in further proceedings in other foreign tribunals where BNP has commenced actions against Edoarda.

Third, the application is made by an "interested person." BNP is an interested person because it is a party to the Jersey Action and other foreign proceedings that have been brought

4

against Edoarda. *See In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (holding that a party to the foreign proceeding is an "interested person" for purposes of § 1782). As such, all three statutory requirements are satisfied.

Next, after determining that the three statutory requirements are satisfied, courts are to consider four discretionary factors in deciding whether to grant a § 1782 application: (1) Whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid; (2) The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) Whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) Whether the subpoena contains unduly intrusive or burdensome requests. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). Moreover, courts in this circuit "evaluate discovery requests under section 1782 in light of the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097 (2d Cir. 1995) (quotation omitted). Here, all four factors weigh in favor of granting the Application.

First, the documents are likely inaccessible absent § 1782 aid. Gurr Johns is not a participant in the foreign proceeding, so it is not within the jurisdictional reach of the Royal Court. As such, the first factor weighs in favor of granting the Application. *See Gorsoan Ltd. v. Bullock*, 652 Fed. App'x 7, 9 (2d Cir. 2016) (unpublished) ("Indisputably, Remmel, Smith, and

RIGroup are not parties to the Cyprus proceedings, and so the first *Intel* factor weighs in favor of discovery against them.").

Second, it is reasonable to conclude that the foreign tribunal would be receptive to "U.S. federal-court judicial assistance" given that the Royal Court has already requested the information at issue in connection with the Freezing and Disclosure Order. Indeed, since no evidence suggests that the Royal Court would be unreceptive to this assistance, this factor weighs in favor of granting the Application. *See In re Application of Gorsoan*, 2014 WL 7232262, at *8 ("Given that there is no evidence that the Cyprus tribunal would be unreceptive to U.S. federal-court assistance, the second *Intel* factor weighs in favor of enforcement of the subpoenas.").

Third, nothing in the record suggests that the Application "conceals an attempt to circumvent foreign proof-gathering." Courts may grant § 1782 applications even where the applicant did not first seek discovery in the foreign tribunal, *see In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010), or where the information sought was not discoverable under the laws of the foreign country at issue in the foreign proceeding, *see In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997). Here, BNP attempted to obtain information regarding Edoarda's assets in the Royal Court, and the Royal Court granted its request by issuing the Freezing and Disclosure Order. As such, this factor weighs in favor of granting the Application.

Fourth, the discovery sought is not "unduly intrusive or burdensome" because BNP has limited its Application to one discovery request for documents related to one set of artwork over a fifteen-month period of time. The request is "reasonably tailored" to the period from November 25, 2016 to the present, as November 25, 2016 is the last date BNP can account for

the location of the artwork based on the documents obtained from Huntington. *See Veiga*, 746 F. Supp. 2d at 24. As such, all four discretionary factors weigh in favor of granting the Application.

Because the Application meets the statutory requirements of § 1782 and because the above-described discretionary factors weigh in favor of granting the Application, the Application is **GRANTED**.

Dated: New York, New York
February 14, 2018

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge